DELBERT BUSSELL, APPELLANT, v. WESTERN DIESEL
POWER, INC., A NEBRASKA CORPORATION,
APPELLEE.

346 N.W.2d 394

Filed March 23, 1984. No. 83-259.

Dan L. McCord, for appellant.

Stephen W. Kay of Kay & Kay, for appellee.

WHITE, CAPORALE, and SHANAHAN, JJ., and BLUE, D.J., and COLWELL, D.J., Retired.

WHITE, J.

This is an appeal from a defendant's verdict in an action for failure to properly repair an engine. Both direct and consequential damages were claimed.

Delbert Bussell, appellant, plaintiff below, an operator of irrigated farmland, engaged the services of appellee, defendant below, to repair a G398 Caterpillar engine in June 1980. The engine provided the motive power to operate a center pivot irrigation system on approximately 400 acres of farmland owned by Bussell and his assignors. Appellee, Western Diesel Power, Inc. (Western), undertook the repair and billed Bussell $9,000, which was paid.

After the repair was completed considerable difficulty was experienced in attempting to operate the engine.

On July 21, 1980, the engine overheated, quit operation, and substantial damage resulted to the engine. Bussell also claimed that the engine failure caused a failure to make timely application of water to the irrigated crops. Western essentially denied faulty repair of the engine, alleged misuse by Bussell of the engine as the cause of the failure, and further alleged that the crop losses were caused by failure to timely apply insecticides and to procure substitute motive power.

We must note that this would seem to be a rather straightforward case of a breach of a contract, with recovery sought for the amount of the repair bill, the difference between the before and after value of the engine, and consequential damages. The defenses would include a denial of allegations of unskillful repair, independent causation, and failure to mitigate damages. The parties, however, chose to cast the matter into the form of a negligence action, with the recognizable form of allegations of affirmative acts of negligence, contributory negligence, and even assumption of risk. The form does not fit precisely, with awkward bulges and resultant tears in the fabric.

For plain error noted we reverse and remand for a new trial. Neb. Rev. Stat. § 25-1919 (Reissue 1979).

In his third amended petition Bussell alleges five separate acts of negligence with reference to the repair, essentially that the appellee's repairmen failed to exercise the degree of skill and knowledge of a mechanic in the area.

In response to those allegations of negligence, Western, by answer, alleged that Bussell was guilty of contributory negligence (a) in running the engine with the safeties disconnected, (b) in leaving the engine, while running, unattended with the safeties disconnected, (c) in failing to undertake proper meas-

sures to control insects in his corn crop, (d) in failing to locate an alternative source of power generation to irrigate his crop while the engine was being repaired, and (e) in failing to take action to mitigate his damages.

The trial court included each of the above elements, with the exception of substituting "[i]n misusing the engine" for (e) in its instruction on contributory negligence. The trial court then instructed the jury that if *any* of said allegations were proved by a preponderance of the evidence and that such contributory negligence was the proximate cause of the appellant's injuries, appellant could not recover. The standard comparative negligence instruction was also given.

Assuming that items (c) and (d) are, in a proper case, allegations of contributory negligence—at most could they be said to be so as to crop damage—yet, the effect of the instruction required the jury to deny Bussell's recovery for damages to the engine and the original repair charge if he failed "to undertake proper measures to control insects in his corn crop," and/or failed "to locate an alternative source of power generation to irrigate his crop while the engine was being repaired." The instruction, insofar as it purported to permit the jury to find against Bussell on those two allegations, was in error.

The trial court also instructed the jury on an assumption of the risk defense. Such instruction was clearly erroneous. See *Lincoln Grain v. Coopers & Lybrand, ante* p. 433, 345 N.W.2d 300 (1984).

It is the duty of the trial court, whether requested to do so or not, to submit to and properly instruct the jury on all material issues presented by the pleadings and supported by the evidence. Instructions which misstate the issues or defenses and have a tendency to mislead the jury are erroneous. *Juniata*

*Feedyards v. Nuss, ante* p. 29, 342 N.W.2d 1 (1983).
REVERSED AND REMANDED
FOR A NEW TRIAL.